Per Curiam.

The issue presented is whether the decision of the Board of Tax Appeals that the Curtis company stock received in exchange for the United States company stock was a nonproductive investment is unreasonable or unlawful. The *317 answer depends upon the construction and applicability of Section 5711.20, Revised Code, as it was in effect before its repeal wbicb became effective June 18, 1959.
That section reád :
“Whenever, during a calendar year, a corporation is dissolved, merged, or consolidated with another corporation, or its capital stock or the number of shares thereof is either increased or reduced, and a stockholder of such corporation surrenders his shares and receives in lieu thereof other shares of stock of the same or another corporation, such stockholder, in listing the shares so received as productive investments, shall give as the income yield thereof the aggregate amount of cash dividends paid during such year on the shares so surrendered and the shares so received.”
The Tax Commissioner contends that the section was inapplicable to the facts here involved; that it applied only to productive investments which produced an income yield, and, since the Curtis new $4 par common stock yielded no income in 1955, the section did not apply. This court does not agree with that contention. The section very specifically provided, inter alia, that, if a corporation is merged or the number of its shares is increased and a shareholder thereof surrenders his shares and receives in lieu thereof other shares of the same or another corporation, such, shareholder, “in listing the shares so received as productive investments, shall give as the income yield thereof the aggregate amount of cash dividends paid during such year on the shares so surrendered and the shares so received.”
In this case one condition was met by the merger of the .United States company with the Curtis company, and a second condition was met by the stock split of the Curtis company in issuing two $4 par common shares for one of its surrendered $5 par common. Appellants included in their tax returns the dividends received on their stock prior to the merger, which were the “aggregate” amount of cash dividends received. The mere fact that no dividends were paid on the new “shares so received,” i. e., the Curtis new $4 par common stock, does not alter the concept of what constitutes an “aggregate” as the term was used in the statute.
*318 The decision of the Board of Tax Appeals is unreasonable and unlawful, and it is, accordingly, reversed.

Decision reversed.

Taut, Matthias, Bell, Herbert and Peck, JJ., concur.
Zimmerman, J., not participating.